YARBOROUGH *v.* COULTER.

(Division A. Jan. 11, 1932.)

[138 So. 591. No. 29549.]

Geo. H. Banks, of Newton, for appellant.

E. R. Holmes, Jr., Assistant Attorney-General, for the state.

Argued orally by **Geo. H. Banks**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is a habeas corpus proceeding by the appellant, a minor, by a next friend, in which he seeks to be released from the custody of the appellee, who is superintendent of the Mississippi Industrial and Training School, to whose custody he was committed by a circuit judge. The appellant has neither father, mother, nor legally appointed guardian. The petition for his committal to appellee's custody was filed by a sheriff, to which the appellant and L. H. Yarborough, who was alleged to have "the custody and tuition of the minor defendant, Thurmond Yarborough," were made defendants. No process was served on either the appellant or L. H. Yarborough. The judgment of committal recites that the cause came on to be heard, "and it appearing to the court that process of service has been waived by L. H. Yarborough, appearance entered and consent for hearing of said petition at any time and place, that said Thurmond Yarborough is delinquent," etc.

In determining, under section 7251, Code of 1930, whether a minor shall be committed to the Mississippi Industrial and Training School, a circuit judge or chancellor acts as a court of special and limited jurisdiction, and therefore the record must disclose all necessary jurisdictional facts.

Section 7252 of the Code provides that the petition for the committal of a minor to the Mississippi Industrial and Training School shall set forth "the names and addresses of its parents or guardian if known, and if not known, stating such fact," who, if such there be, must be summoned to appear "and show cause, if any, why such child should not be adjudged to be a delinquent." This requirement of the statute was not here complied with.

We are not called on to determine what would be the effect of this omission in the petition had the judgment recited the proper jurisdictional facts.

We have left out of view the fact that no process was served on the appellant himself, which seems not to be required by the statute, and express no opinion whatever thereon. The decree of the court below will be reversed, and the appellant will be discharged from the custody of the appellee.

So ordered.